**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHAMRAJ LALL, | |
| Petitioner, | Civ. No. 22-6036 (GC) |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM & ORDER |
| Respondent. | |

**CASTNER, District Judge**

Petitioner, Khamraj Lall ("Petitioner" or "Lall") is a federal prisoner proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On December 8, 2022, this Court gave Respondent until January 17, 2023 to file its response to Petitioner's § 2255 motion. (*See* ECF 19). On January 17, 2023, Respondent filed its opposition to Petitioner's § 2255 motion. (*See* 22). Presently pending before this Court are three outstanding motions:

1. Petitioner's *pro se* Motion for Summary Judgment (ECF 20);

2. Petitioner's Retained Counsel's Motion to Withdraw as Counsel for Petitioner (ECF 21); and

3. Petitioner's Motion to Relieve Retained Counsel and Appoint CJA Counsel (ECF 23).

This Memorandum and Order disposes of and denies Petitioner's Motion for Summary Judgment and Petitioner's Motion to Relieve Retained Counsel and Appoint CJA Counsel, but will await a status report from Petitioner's Retained Counsel before deciding Petitioner's Counsel's Motion to Withdraw for the reasons that follow.

Petitioner's *pro se* Motion for Summary Judgment will be denied. Aside from the impropriety of Petitioner filing this motion *pro se* when he still has retained counsel representing him, Respondent timely filed its Response in Opposition to Petitioner's § 2255 motion. To date, Petitioner has not yet filed a reply. Summary judgment is not appropriate under these circumstances. Petitioner's § 2255 motion will be ruled upon when briefing is complete in due course.

Petitioner has also moved to relieve retained counsel and appoint CJA counsel. (ECF 23) To the extent that Petitioner seeks to relieve retained counsel, such a request is in essence duplicative of Petitioner's Retained Counsel's Motion to Withdraw such that that portion of Petitioner's motion will be denied without prejudice as unnecessary.

Next, within Petitioner's Motion to Relieve Retained Counsel, Petitioner has also requested the appointment of CJA counsel. A habeas petitioner does not have an automatic right to the appointment of counsel. *See Morris v. Baker*, No. 14-6785, 2015 WL 5455651, at *1 (D.N.J. Sept. 15, 2015); *see also Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to an indigent habeas petitioner where "the interests of justice so require." In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Courts look to several factors in making that determination; namely: the likelihood of success on the merits, the complexity of the issues involved in the petitioner's case, and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015). Petitioner has made no showing of indigency in this case

2

to warrant the appointment of counsel such that Petitioner's request for the appointment of CJA counsel is also denied without prejudice.

The remaining pending motion is Petitioner's Counsel's Motion to Withdraw as Petitioner's Attorney. (*See* ECF 21). Given that this Court will be denying Petitioner's motion to appoint CJA counsel, if this Court were to grant Petitioner's Counsel's Motion to Withdraw at this stage, Petitioner would be proceeding *pro se*. Thus, if he chose to file a reply brief which is not yet due, he would have to do so *pro se*. Given these circumstances, and out of the abundance of caution, this Court will require Petitioner's retained counsel to communicate with his client within the next thirty (30) days and provide this Court with a status report on whether retained counsel wishes to withdraw the Motion to Withdraw as Counsel or, whether, after communicating with his client, and the ramifications that Petitioner will proceed *pro se* if the Motion to Withdraw is granted, Petitioner's retained counsel continues to seek to withdraw as Petitioner's counsel.[1]

Accordingly, IT IS on this 25th day of January, 2023,

ORDERED that Petitioner's *pro se* Motion for Summary Judgment (ECF 20) is denied; and it is further

ORDERED that Petitioner's Motion to Relieve Retained Counsel and Appoint Interim CJA Counsel (ECF 23) is denied without prejudice; and is further

ORDERED that within thirty (30) days of the date of this Memorandum and Order, Petitioner's counsel shall file a status update with this Court on whether he seeks to withdraw his Motion to Withdraw as Petitioner's Counsel or whether he continues to seek this Court to rule on his Motion to Withdraw as Petitioner's Counsel after communicating with Petitioner given that

---

[1] Petitioner shall be given additional time to file a reply brief should he elect to do so once Petitioner's Motion to Withdraw as Petitioner's Counsel is decided.

granting Petitioner's Counsel's Motion to Withdraw will mean that Petitioner will be *pro se*; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Petitioner at the following address by regular U.S. mail: Khamraj Lall, 44899-069, USP Canaan, U.S Penitentiary, P.O. Box 300, Waymart, PA 18472.

GEORGETTE CASTNER
United States District Judge