**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHAMRAJ LALL, : | |
| : | |
| Petitioner, : | Civ. No. 22-6036 (GC) |
| : | |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | **MEMORANDUM AND ORDER** |
| : | |
| Respondent. : | |

Petitioner, Khamraj Lall ("Petitioner" or "Lall"), is a federal prisoner proceeding with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF 1, 2, 3)

Petitioner raises several claims in his § 2255 motion, including multiple ineffective assistance of counsel claims. Respondent opposes Petitioner's § 2255 motion. (*See* ECF 22). In support of opposing Petitioner's claims, Respondent refers to information that is purportedly included in reports created from Petitioner's proffer sessions with the government. (*See* ECF 22 at 21, 54, 71). However, Respondent did not include the reports as part of the record. Respondent contends that the reports contain sensitive material. (*See id.* at 21 n.3). Because what is contained in the proffer reports may be important in deciding some of Petitioner's claims, Respondent shall be ordered to supplement its response to include these proffer reports. Respondent may submit a motion to file these documents under seal that the Court would consider on its merits which would presumably alleviate any sensitivity concerns Respondent may have if granted as to the information contained therein.

Petitioner also asserts in one of his claims that counsel was ineffective for failing to move for dismissal of his criminal case based on violations to his speedy trial rights. Respondent

included declarations from Petitioner's former trial counsel in opposing this and other claims. (*See* ECF 22-2 & 22-3). In one declaration, Petitioner's former trial co-counsel, Ms. Tama Beth Kudman, Esq., indicates that her co-counsel negotiated what she thought was a favorable plea agreement for Petitioner. (*See* ECF 22-3 at ¶ 11). Respondent argues in its brief, at least in part, that the additional time prior to trial allowed Petitioner's trial co-counsel to negotiate a fair plea offer. (*See* ECF 22 at 42, 46). Nowhere though within Respondent's filings are the circumstances and contours of the plea agreement that was purportedly rejected by Petitioner. Respondent shall be ordered to supplement its response to Petitioner's § 2255 motion with the contours and circumstances of the plea agreement.

Accordingly, IT IS on this 11th day of January, 2024,

ORDERED that Respondent shall file a supplemental response to Petitioner's § 2255 motion within twenty-one (21) days of the date of this Memorandum and Order; Respondent's supplemental response shall address and include the following: (1) the proffer reports from Petitioner's proffer sessions with the government; and (2) the circumstances and contours of the plea agreement referenced by Respondent in its brief and in one of Petitioner's former trial counsel's declarations (including any relevant exhibits); and it is further

ORDERED that Petitioner may file a reply to Respondent's supplemental response within twenty-one (21) days after Respondent files its supplemental response; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order on Petitioner by regular U.S. mail.

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge