**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHAMRAJ LALL, | |
| Petitioner, | Civ. No. 22-6036 (GC) |
| v. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM & ORDER** |
| Respondent. | |

Petitioner, Khamraj Lall ("Petitioner" or "Lall"), is a federal prisoner proceeding with a motion to vacate, set aside or correct his sentence. (*See* ECF 1, 2 & 3). After this matter was fully briefed, the Court ordered a supplemental response from Respondent. (*See* ECF 37). More specifically, on January 11, 2024, the Court ordered that Respondent provide the Court within twenty-one (21) days with copies of the proffer reports from Petitioner's proffer sessions with the government and the circumstances and contours of a plea agreement as both items were referenced by Respondent in its filings, but not included in the record. (*See* ECF 37 at 2).

Thereafter, chambers received an application by Respondent (but not docketed) to file the proffer reports under seal. Respondent was especially concerned about having to send the proffer reports to Petitioner based on the information contained therein. To guarantee that Petitioner received this application before the Court ruled on it, Respondent was ordered to provide proof of service of its application to seal. (*See* ECF 39). Respondent subsequently sent proof of service to chambers, but did not put proof of service on the docket.

Petitioner has now supplied the Court with copies of the three proffer reports in documents sent to chambers but not yet docketed. The Court will have the proffer reports submitted by

Petitioner filed under temporary seal. The parties shall have fourteen (14) days in which to file a motion to keep such documents under permanent seal. If no motion for permanent seal is filed within the time allotted by either party, the Court will lift the temporary seal on those documents.

Given that the proffer reports are now part of the record, Respondent still must provide the Court with the circumstances and contours of the plea agreement referenced by Respondent and in one of Petitioner's former trial counsel's declarations. The Court shall give Respondent fourteen (14) days from the date of this Memorandum and Order in which to supply the Court with that information previously ordered to be provided. Petitioner shall be given twenty-one (21) days in which to file a response to that filing by Respondent.

Finally, the Court notes that documents and requests have been directly sent to chambers recently rather than having them filed on the docket. Such actions are highly disfavored and discouraged by this Court. Moving forward, any request or information supplementing the record by either party needs to be filed with the Clerk and docketed so that there is a full and complete record.

Accordingly, IT IS on this 5th day of February, 2024,

ORDERED that the Clerk shall file Petitioner's proffer reports under temporary seal; and it is further

ORDERED that the parties shall have fourteen (14) days in which to file a motion to keep the proffer reports under permanent seal should either party elect to do so; should neither party file a motion to keep the proffer reports under permanent seal within the time allotted, the Court will lift the temporary seal on these documents; and it is further

ORDERED that Respondent shall provide the Court with the circumstances and contours of the plea agreement previously ordered within fourteen (14) days of the date of this Memorandum and Order; and it is further

ORDERED that Petitioner shall have twenty-one (21) days to respond from the date Respondent files its document(s) related to the contours and circumstances of the plea agreement previously ordered to be provided.

_____
GEORGETTE CASTNER
United States District Judge