**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KHAMRAJ LALL, | : | |
| Petitioner, | : | Civ. No. 22-6036 (GC) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **OPINION** |
| Respondent. | : | |

**CASTNER, District Judge**

Petitioner, Khamraj Lall ("Petitioner" or "Lall"), is a federal prisoner proceeding with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF 1, 2 & 3). Petitioner is currently serving a sentence of 156 months imprisonment after he was convicted at trial on money laundering, money structuring and drug charges in this District. Petitioner is scheduled to be released from Federal Bureau of Prisons' ("BOP") custody on May 20, 2028. *See https://www.bop.gov/inmateloc/* (last visited on January 22, 2024).

Petitioner initiated this § 2255 action through counsel. However, Petitioner is now proceeding *pro se* after this Court granted Petitioner's former counsel's motion to withdraw as Petitioner's attorney in February, 2023. (*See* ECF 30).

Respondent opposes Petitioner's § 2255 motion. (*See* ECF 22). Petitioner has filed a *pro se* reply brief in support of his § 2255 motion. (*See* ECF 29).

On December 26, 2023, Petitioner filed a request for bail while his § 2255 motion remains pending. (*See* ECF 34). On January 9, 2024, Respondent filed its opposition to Petitioner's request

for bail. (*See* ECF 36). On January 19, 2024, Petitioner filed a reply in support of his bail request. (*See* ECF 38). For the following reasons, Petitioner's request for bail is denied.

"[B]ail pending post-conviction habeas corpus review [is] available 'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)); *see also Pelullo v. United States*, 487 F. App'x 1, 3 (3d Cir. 2012). In *Landano*, the Third Circuit observed that "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." 970 F.2d at 1239. The court cited two cases that presented extraordinary circumstances. One involved a petitioner who was an advanced diabetic and in poor health. *See Johnson v. Marsh*, 227 F.2d 528, 529 (3d Cir. 1955). The second case concerned a petitioner whose sentence was 120 days—a sentence which was likely to expire before the habeas petition could be decided. *See Boyer v. City of Orlando*, 402 F.2d 966 (5th Cir. 1968).

Petitioner asserts he has a high probability of success on the merits in this § 2255 action. He expressly relies on an October 19, 2022 *pro se* filing and asserts Respondent never responded to the § 2255 claims cited therein. More specifically, Petitioner notes that Respondent never responded to Petitioner's claim raised in that filing that his trial counsel was ineffective for failing to raise a timely double jeopardy claim.

Initially, the Court notes that *this § 2255 proceeding* does not include the *pro se* filing referenced by Petitioner in his request for bail from October 19, 2022. However, in Petitioner's criminal matter, Crim. No. 17-343, Petitioner did file a motion for compassionate release on

2

October 19, 2022. (*See* Crim. No. 17-343, ECF 191). That compassionate release motion referenced an argument for relief under § 2255 due to counsel's purported ineffectiveness related to double jeopardy concerns. (*See* Crim. No. 17-343, ECF 191 at 4). On August 3, 2023, the Court denied Petitioner's October 19, 2022 motion for compassionate release in the criminal matter. (*See* Crim. No. 17-343, ECF 198, 199). In denying Petitioner's compassionate release motion, the Court expressly noted that it was not going to consider Petitioner's October 19, 2022 motion under § 2255 because Petitioner's filing did not include any analysis under § 2255. (*See* Crim. No. 17-343, ECF 198 at 3 n.2). Thus, Petitioner has been on notice since that time that the October 19, 2022 filing in his criminal matter was not going to be considered as part of a § 2255 proceeding.

Additionally, at the time Petitioner filed his October 19, 2022 motion in his criminal case, this § 2255 proceeding had just been opened on October 11, 2022. Petitioner was then proceeding with counsel during the initial stages of this case up until when the Court granted Petitioner's counsel's motion to withdraw on February 15, 2023. Given Petitioner's representation by counsel at the time the October 19, 2022 compassionate release motion was filed in the criminal case, this Court would not have accepted Petitioner's *pro se* filing in this § 2255 action since Petitioner was proceeding with counsel here. *Cf. United States v. D'Amario*, No. 09-5468, 2010 WL 11595005, at *1 (D.N.J. June 8, 2010) (noting court previously denied petitioner's *pro se* § 2255 motion as petitioner was represented by counsel and there is no right to hybrid representation). For these reasons, the Court declines to find that Petitioner has shown a high probability of success on the merits due to any purported lack of response to the October 19, 2022 filing by Respondent given

such a filing was never filed in this case, nor would it have been accepted at the time it was filed as Petitioner was represented by counsel in this § 2255 proceeding.[1]

However, perhaps most importantly in deciding Petitioner's request for bail, even if Petitioner could show a high probability of success on the merits that warrant this Court granting him § 2255 relief, he would still need to show that extraordinary circumstances warrant granting him bail while his § 2255 motion remains pending. As noted above, the Third Circuit has noted that there are very few cases that warrant a finding of extraordinary circumstances. *See Landano*, 970 F.2d at 1239. Petitioner references that he has sought an order from the United States District Court for the District of Puerto Rico seeking to vacate a prior one-year sentence he served from a conviction in that court as constituting an extraordinary circumstance. According to Petitioner, if that conviction is vacated, the one-year sentence he served for that conviction would permit him to be released earlier from the conviction he challenges in this § 2255 motion.

Even assuming *arguendo* that Petitioner's District of Puerto Rico conviction is vacated, as noted above, Petitioner is not scheduled to be released from custody until May 2028. Thus, even if a one-year of credit was somehow applied to reduce Petitioner's current sentence, he would still have over three years to serve. This period is far greater than the shorter sentences (120-days referenced above) that have previously been found to constitute an extraordinary circumstance to grant bail in collateral proceedings challenging a conviction.

Next, Petitioner references a motion for reduction of sentence pending in his criminal case filed on October 31, 2023. (*See* Crim. No. 17-343, ECF 201). However, recently, this Court

---

[1] To the extent that Petitioner seeks to raise claims not raised in his previously filed counseled § 2255 motion, for example, an ineffective assistance of counsel claim related to failing to raise a double jeopardy argument, Petitioner can file a motion to amend his § 2255 motion now that he is proceeding *pro se*.

4

denied that motion for reduction of sentence. (*See id.* ECF 205).[2] Thus, the Court does not find that Petitioner's recently denied motion for reduction of sentence constitutes extraordinary circumstances to warrant bail due to the arguments contained therein during this § 2255 action given it has now been denied.

Accordingly, for the foregoing reasons, Petitioner's request for bail is denied. An appropriate Order will be entered.

DATED: February 5, 2024

GEORGETTE CASTNER
United States District Judge

---

[2] Petitioner recently filed a motion for reconsideration of that denial that remains pending. (*See* Crim. No. 17-343 ECF 206).