**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KHAMRAJ LALL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 22-6036 (GC)<br><br>**MEMORANDUM & ORDER** |

**THIS MATTER** comes before the Court on the following motions or submissions filed by Petitioner Khamraj Lall: (1) a motion to compel a ruling (ECF No. 55 ("Motion to Compel a Ruling")); (2) a "Notice of Inquiry" (ECF No. 56 ("Notice of Inquiry")); (3) a "Follow-up Letter" (ECF No. 57 ("Follow-up Letter")); and (4) "Exhibits" (ECF No. 58 ("Exhibits")). Petitioner is proceeding *pro se* with a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") (ECF No. 1 ("Motion to Vacate")) and a motion to amend his Motion to Vacate (ECF No. 46 ("Motion to Amend")).[1]

In its November 12, 2024 opinion denying Petitioner's second petition for a writ of mandamus in this collateral proceeding, the United States Court of Appeals for the Third Circuit provided the following summary of the procedural history of this case as of that date:

> Lall filed his § 2255 motion in October 2022, and, six months later, sought mandamus relief to compel the District Court

---

[1] Petitioner was convicted in the District of New Jersey on charges of conspiracy to distribute cocaine under 21 U.S.C. § 846, and related money laundering and currency structuring offenses, and he is currently serving a 156-month sentence. *See United States v. Lall*, 852 F. App'x 625, 627 (3d Cir.), *cert. denied*, 142 S. Ct. 344 (2021).

> to rule on the motion. We denied the mandamus petition, noting that the delay to that point did not amount to a failure to exercise jurisdiction. See In re Lall, No. 23-2034, 2023 WL 5739847, at *1 (3d Cir. Sept. 6, 2023) (per curiam). As we explained, the District Court had adjudicated various motions, and Lall had taken an appeal from one its orders. We observed that the Government had responded to the § 2255 motion, Lall had filed a reply, and we were confident that the District Court would issue a ruling in "due course." Id.
>
> The § 2255 motion is still pending, and Lall again seeks an order directing the District Court to rule on it. Since our decision on Lall's first mandamus petition, Lall filed a motion for release on bail pending resolution of the § 2255 motion and the District Court addressed that motion; the District Court ordered the Government to file a supplemental response to the § 2255 motion with specified documentation in support; the District Court addressed the sealing of "proffer reports" submitted by Lall in further support of the § 2255 motion; Lall filed a motion to amend the § 2255 motion and a reply to the Government's supplemental response to the § 2255 motion; and the District Court ordered the Government to respond to Lall's motion to amend his § 2255 motion, which the Government recently filed. The subsequent delay is due in part to Lall's own motions and the need for supplemental briefing as directed by the District Court. See D.N.J Civ. No. 3:22-cv-06036, ECF Nos. 34, 37, & 46. In this posture, that the District Court has not finally resolved Lall's § 2255 motion does not rise to the level of a failure to exercise jurisdiction or an extraordinary circumstance. See Madden[ v. Myers], 102 F.3d [74, 79 (3d Cir. 1996)]. We expect that, once Lall has filed in the District Court his reply in support of his motion to amend, or the time to do so has expired, the District Court will rule on the motion to amend and the § 2255 motion without inordinate delay.

*In re Lall*, No. 24-2538, 2024 WL 4751200, at *1 (3d Cir. Nov. 12, 2024) (per curiam) (footnote omitted).

On or about October 11, 2024,[2] Petitioner filed his reply in support of his Motion to Amend. (ECF No. 52); *Lall*, 2024 WL 4751200, at *1 n.1. On November 20, 2024, the Court entered a

---

[2] *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

2

text order noting that it was in receipt of Petitioner's "Letter regarding mailing" (ECF No. 53), in which he indicated that his reply to Respondent's response to his motion to amend/correct was received but not docketed and asked the Court to investigate the alleged deliberate destruction or misplacement of his filings. (ECF No. 54.) The Court stated that it would take no action on this letter because Petitioner's reply was filed and entered on the docket on October 29, 2024. (*Id.*) The Court "will consider his reply, to the extent it is relevant, in ruling on his motion to amend/correct." (*Id.*)

On or about January 7, 2025, Petitioner filed his Motion to Compel a Ruling. (ECF No. 55.) He asks the Court "to issue a ruling on [his] Amended 28 U.S.C. § 2255 Motion, which raises a core constitutional claim under the Fifth Amendment's Double Jeopardy Clause and asserts ineffective assistance of counsel," and is supported by "detailed referenced exhibits and evidence." (*Id.*) According to Petitioner, "[j]ustice demands an expedited decision, as continued delays infringe upon [his] constitutional rights." (*Id.* at 2; *see also id.* at 2-3 (noting that courts have a duty to resolve properly filed motions expeditiously and continued delay in resolving his claims prolongs his unconstitutional incarceration and violates his right to due process).) Petitioner summarizes the procedural history, and he argues the merits of his claims for relief purportedly raised in his Motion to Amend, claiming that "[t]here is no doubt that [his] attorneys were ineffective," and that "[t]here is no dispute that a major double jeopardy violation exists in this case." (*Id.* at 1.) Specifically, he asserts that his "simultaneous" prosecutions in the District of New Jersey and the Western District of New York for identical offenses based on the same conduct at the same time violated the Double Jeopardy Clause (and that the government has admitted that the charges were identical). (*Id.* at 1-3.) His attorneys allegedly were ineffective because they failed to file motions to dismiss the indictment based on the double jeopardy violation. (*Id.* at 3.)

3

In its response to the Motion to Amend, Respondent purportedly "deliberately obfuscate[es]" the issues and further prejudices Petitioner by raising "irrelevant matters" regarding proceedings in the District of Puerto Rico. (*Id.* at 1.)

On January 24, 2025, the Clerk of the Court generated the following message on the docket:

> Set Deadlines as to 55 MOTION to Compel. Motion set for 2/18/2025 before Judge Georgette Castner. Unless otherwise directed by the Court, this motion will be decided on the papers and no appearances are required. Note that this is an automatically generated message from the Clerk's Office and does not supersede any previous or subsequent orders from the Court. (jmh) (Entered: 01/24/2025).

In his Notice of Inquiry, which was filed on or about February 27, 2025, Petitioner states that a ruling on his amended § 2255 motion was scheduled for a decision on February 18, 2025, as per the January 24, 2025 docket entry, and that no ruling has been issued and no further updates have been provided. (ECF No. 56 at 1.) He summarized the procedural background and the parties' arguments regarding his claims for relief (stating, inter alia, that the government used forum shopping to evade judicial oversight and that the double jeopardy claim was raised in the initial Motion to Vacate), claims that "the Court set a February 18, 2025 deadline for issuing a ruling," and requests clarification as to whether the Court has issued a ruling that has not yet been docketed and, if no ruling has been issued, whether any additional briefing or clarification would facilitate a decision. (ECF No. 56 at 2 (emphasis omitted).) Petitioner additionally contends that, because he raises a fundamental constitutional violation under the Double Jeopardy Clause, any further delay risks an ongoing deprivation of his constitutional rights and that "the Third Circuit has already received copies of Defendant's exhibits proving the double jeopardy violation, and a ruling at this stage is necessary to ensure proper adjudication of the pending claims." (*Id.* at 2 (emphasis omitted).)

4

On or about March 17, 2025, Petitioner's Follow-up Letter "on Resolution for Mutual Benefit & Request for Court Intervention" was filed. (ECF No. 57 at 1.) In this letter, he refers to his "previously submitted Resolution for Mutual Benefit, which was also filed on the court docket by the Clerk's Office" ("Resolution for Mutual Benefit").[3] (*Id.*) According to Petitioner, "it is now a matter of official record that [he has] extended an offer to the government to resolve this case in a way that is both just and mutually beneficial." (*Id.*) He further argues that there was a clear, undeniable, and admitted violation of the Double Jeopardy Clause (i.e., "[t]he government itself has admitted that the charges in the Western District of New York (WDNY) and the District of New Jersey (DNJ) were identical"), an illegal search was conducted of Petitioner's aircraft in Puerto Rico based on a knowingly false affidavit, the prosecution engaged in improper forum shopping by dismissing the Western District of New York indictment only after securing the indictment in the District of New Jersey, and his previous counsel were ineffective for failing to recognize and challenge these constitutional violations. (*Id.*)

---

[3] This proposed Resolution for Mutual Benefit was originally submitted with Petitioner's reply. (*See* ECF No. 52 at 5.) Claiming that his conviction is on the "verge of being vacated" because of serious errors (including prosecutorial misconduct and ineffective assistance of counsel), which will undoubtedly place the government's actions under "serious scrutiny" and result in a "public scandal," he proposes the following: (1) dismissal of all charges against him in both the District of New Jersey and the District of Puerto Rico; (2) return of all assets taken from him as part of the prosecution; and (3) his cooperation in holding the individuals who laundered the money accountable (whose identity he knew), which would result in the government recovering more money than it had wrongfully taken from Petitioner and that he would obtain in the future wrongful prosecution lawsuit he intends to file as well as the chance to make several "high profile" arrests of the "actual culprits." (*Id.* (further disavowing any bitterness or anger; stating that he only wishes to obtain his freedom, clear his name, hold those responsible for the crimes accountable, and receive compensation for his ordeal; and denying that he intends to embarrass anyone).) If agreement were reached on this "win-win" proposal, "no one will need to know, particularly my previous attorneys." (*Id.* at 5; *see also* ECF No. 57 at 3 (claiming that his proposal would ensure that the true culprits are held accountable, avoid litigation and appeals, and prevent the necessity of a civil lawsuit against the government, which given the prosecutorial misconduct and constitutional violations would expose it to significant financial liability).)

Petitioner also notes that two Assistant United States Attorneys, who were directly responsible for his prosecution, have recently left the United States Attorney's Office. (*Id.*) He states that their departures raise serious concerns regarding their role in this case given the constitutional violations, the prior prosecutorial misconduct, and Respondent's failure to address the clear double jeopardy violation. (*Id.*) Likewise, "[t]he timing of their departure suggests that the government itself may recognize the problematic nature of this prosecution." (*Id.* at 2.) Purportedly, "[i]t is highly unusual for lead prosecutors to leave their positions while a significant post-conviction challenge remains pending, and this development should not go unnoticed by the Court." (*Id.* at 2.)

In his Follow-up Letter, Petitioner indicates that "[t]he continued silence of the government, coupled with the prolonged delay in ruling on [his] § 2255 motion, suggests that the Court and prosecution may be considering an alternative path forward." (*Id.* at 3.) He requests that the Court "encourage the government to engage in good faith discussions regarding a negotiated resolution" and, in the alternative, issue an expedited ruling on his pending § 2255 motion to end his unconstitutional imprisonment. (*Id.*)

Docketed on May 6, 2025, the Exhibits consist of copies of the Resolution for Mutual Benefit and the Follow-up Letter. (ECF No. 58 at 1-7.)

As the Third Circuit has explained, "the manner in which a court controls its docket is discretionary." *Lall*, 2024 WL 4751200, at *1 (citation omitted). Furthermore, the January 24, 2025 docket entry did not "schedule" a decision on Petitioner's Motion to Vacate and Motion to Amend; instead, it was merely a docket notation by the Clerk's Office indicating that his *Motion to Compel a Ruling* was set for February 18, 2025 and would be decided on the papers. In addition, to the extent that Petitioner raises (or reiterates) arguments in support of the claims for relief under

6

§ 2255, the Court will consider such arguments, to the extent they are relevant, in ruling on the Motions to Vacate and Amend.[4]

In his Notice of Inquiry, Petitioner asks whether any additional briefing or clarification would facilitate a decision. (ECF No. 56 at 2.) The Court concludes that it will benefit from additional briefing by Respondent as to Petitioner's assertions that the Double Jeopardy Clause was violated because there were "simultaneous" prosecutions in the District of New Jersey and the Western District of New York for identical offenses based on the same conduct at the same time, as demonstrated by the government's acknowledgement that the charges were identical; Petitioner's prior counsel were ineffective because they failed to file motions to dismiss the indictments on double jeopardy grounds; and Respondent purportedly "deliberately obfuscate[es] the issues" and further prejudices Petitioner by raising "irrelevant matters" regarding proceedings in the District of Puerto Rico.

To the extent Petitioner requests judicial intervention and asks the Court to "encourage the government to engage in good-faith discussions regarding a negotiated resolution" (ECF No. 57 at 2), Petitioner does not cite to, and the Court is unaware of, any authority permitting the Court to take such steps in a collateral proceeding under § 2255 to vacate his federal criminal sentence. Petitioner also offers no factual support whatsoever for his accusations that the prosecutors' alleged departures were in any way related to his prosecution or any misconduct.

**IT IS**, therefore, on this day 21th of May, 2025, **ORDERED** as follows:

**ORDERED** that Petitioner's requests for an expedited decision on the Motion to Vacate (ECF No. 1) and Motion to Amend (ECF No. 46) in the Motion to Compel a Ruling (ECF No. 55),

---

[4] Furthermore, Petitioner's continuing pattern of submitting filings raising new issues and arguments requiring this Court to consider and decide (such as his request for judicial intervention) affects this Court's ability to issue a final resolution on his Motions to Vacate and Amend. *See Lall*, 2024 WL 4751200, at *1 (noting that prior delay was due in part to Petitioner's own motions).

7

Notice of Inquiry (ECF No. 56), Follow-up Letter (ECF No. 57) and Exhibits (ECF No. 58) are **DENIED**; and it is further

**ORDERED** that Petitioner's requests for judicial intervention and for the Court to "encourage the government to engage in good-faith discussions regarding a negotiated resolution" in Petitioner's Follow-up Letter (ECF No. 57) and Exhibits (ECF No. 58) are **DENIED**; and it is further

**ORDERED** that Petitioner's requests for the Court to order additional briefing in his Follow-Up Letter (ECF No. 57) and Exhibits (ECF No. 58) are **GRANTED**; and it is further

**ORDERED** that Respondent shall file a supplemental response addressing the following:

1. Petitioner's assertions that the Double Jeopardy Clause was violated because there were "simultaneous" prosecutions in the District of New Jersey and the Western District of New York for identical offenses based on the same conduct at the same time, as demonstrated by the government's acknowledgement that the charges were identical;

2. Petitioner's assertions that his prior counsel were ineffective because they failed to file motions to dismiss the indictments on double jeopardy grounds; and

3. Petitioner's assertions that Respondent "deliberately obfuscate[es] the issues" and further prejudices Petitioner by raising "irrelevant matters" regarding proceedings in the District of Puerto Rico; and it is further

**ORDERED** that Respondent shall file its supplemental response within fourteen (14) days of the date of entry of this Memorandum and Order; and it is further

**ORDERED** that Petitioner may file a reply to Respondent's supplemental response within fourteen (14) days of the filing of the supplemental response; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

_____
GEORGETTE CASTNER
United States District Judge