NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| KHAMRAJ LALL,<br><br>               Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | Civil Action No. 22-6036 (GC)<br><br>**MEMORANDUM AND ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on Petitioner Khamraj Lall's Request for Appointment of Standby/Advisory Counsel (Request for Appointment).  (ECF No. 66.)

For the reasons stated in the accompanying Opinion (December 1, 2025 Opinion) (ECF No. 65), in an Order entered on December 1, 2025 (December 1, 2025 Order), the Court: (1) granted an evidentiary hearing as to Ground Two and Ground Six of Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (§ 2255) (Motion to Vacate) (ECF No. 1); (2) ordered Petitioner to file proof of his indigence within thirty (30) days of the date of entry of the December 1, 2025 Order to the extent Petitioner wishes to be appointed counsel to represent him at the evidentiary hearing to be held in this matter pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings ("Habeas Rule 8(c)") and 18 U.S.C. § 3006A; (3) ordered the Clerk of the Court to send Petitioner a copy of the CJA Form 23 Financial Affidavit (Rev. 11/11) ("Financial Affidavit") by regular U.S. mail; (4) ordered that the Clerk of the Court will schedule the evidentiary hearing after the resolution of the issue of appointed counsel; and (5) ordered the

Clerk of the Court to administratively terminate this matter pending the scheduling of an evidentiary hearing and that, within thirty (30) days of the date appointed counsel enters his or her appearance, the parties shall file a joint motion to seal attaching the December 1, 2025 Opinion with proposed redactions, if any (and, if no redactions are necessary, the parties shall so inform the Court by the same date with failure to comply with this directive will result in the December 1, 2025 Opinion becoming unsealed in its entirety). (ECF No. 64 at 2-3.)

In Section III.N. of the December 1, 2025 Opinion, the Court stated that the evidentiary hearing will be restricted to specific matters enumerated in that section. (ECF No. 63 at Section III.N.)

In his Request for Appointment, Petitioner states that he wishes to continue representing himself, as permitted under 28 U.S.C. § 1654, the Sixth Amendment to the United States Constitution, and *Faretta v. California*, 422 U.S. 806 (1975). (ECF No. 66 at 1-2.) Petitioner purports to knowingly and voluntarily exercise his constitutional right to self-representation. (*Id.* at 2 (acknowledging that he has the right to counsel, the right to appointed counsel if he cannot afford one, representing himself carries significant risks, and he is responsible for understanding and following the rules of evidence and procedure). However, given the complexity of the upcoming evidentiary hearing, Petitioner also requests the appointment of standby/advisory counsel under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to assist him in preparing for witness examination, navigating evidentiary procedures, reviewing sealed materials, and ensuring the hearing is conducted efficiently for the Court's benefit. (*Id.* at 1-2.) According to Petitioner, he seeks "hybrid" legal representation limited to assisting him at the evidentiary hearing in which he will remain the "primary advocate," he will file and argue motions, he does not waive his *Faretta* rights or consent to any attorney making strategic or legal decision on his behalf, all

decisions will remain under his control, and standby counsel will assist only as permitted under "the hybrid structure approved by the Court." (*Id.* at 2.)  Finally, Petitioner requests consideration of two named attorneys "or another qualified CJA panel attorney with federal post-conviction experience." (*Id.*)

In addition, Petitioner attaches to the Request for Appointment a completed and signed Financial Affidavit indicating that Petitioner does not have a job, owns no property, has no cash or money in savings or checking accounts, and does not financially support anyone. (ECF No. 66-2 at 1.)

"[A petitioner] does not have a constitutional right to self-representation in his habeas corpus petition, but this Court has discretion to allow him to proceed pro se or to insist that he accept representation." *Wiseman v. Beard*, 629 F. Supp. 2d 488, 490 (E.D. Pa. 2009); *see also Fletcher v. Beard*, No. 10-3118, 2016 WL 2866431, at *3 (E.D. Pa. May 16, 2016) (explaining that "it is entirely within the Court's discretion whether Petitioner should be allowed to remove counsel and proceed pro se in this habeas corpus matter" (citing *Wiseman*, 629 F. Supp. 2d at 490)).  Although a criminal defendant has a constitutional right to defend himself at trial when he voluntarily and intelligently elects to do so, this constitutional right does not extend to either direct appeals or collateral proceedings challenging a conviction. *See Martinez v. Ct. of App. of Cal., Fourth App. Dist.*, 528 U.S. 152, 154 (2000) (holding that right to proceed without counsel recognized in *Faretta* did not extend to the defendant's direct appeal from the conviction); *Peek v. United States*, No. 20-9747, 2023 WL 8110795, at *12 (D.N.J. Nov. 22, 2023) (denying without prejudice the § 2255 petitioner's request to have appointed counsel act as standby counsel or to proceed *pro se*); *Fletcher*, 2016 WL 2866431, at *3 ("[I]t is logical to conclude that if there is no federal constitutional right to self-representation in a state appeal as of right . . . then there is no

such constitutional right in [] collateral proceedings." (alterations in original) (quoting *In re Barnett*, 73 P.3d 1106, 1112-13 (Cal. 2003))).

Furthermore, Habeas Rule 8(c) provides that, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A(g)." "The Advisory Committee Notes to Rule 8 state that '[i]f an evidentiary hearing is required the judge must appoint counsel for a petitioner who qualifies . . . Appointment of counsel at this stage is mandatory . . . .'" *United States v. Iaisello*, 166 F.3d 212, 213 (3d Cir. 1999) (alteration in original). Accordingly, "when an evidentiary hearing is required, appointment of counsel for indigents is mandatory under Rule 8(c)." *Id.* (citations omitted). A violation of this rule is not subject to harmless error analysis. *See id.*

**IT IS**, therefore, on this 15th day of April, 2026, **ORDERED** as follows:

1. The Clerk of the Court shall **REOPEN** this matter.

2. The Request for Appointment (ECF No. 66) is **DENIED**.

3. Pursuant to Habeas Rule 8(c) and the CJA, the Court will appoint counsel to represent Petitioner with respect to the evidentiary hearing to be held pursuant to the Court's December 1, 2025 Opinion and Order; the Clerk of the Court must identify and appoint an appropriate attorney from the CJA Panel.

4. Appointed CJA counsel shall enter an appearance within ten (10) days of appointment.

5. Within thirty (30) days of the date appointed counsel enters his or her appearance, the parties shall file a joint motion to seal attaching the Opinion with proposed redactions, if any; if no redactions are necessary, the parties shall so inform the

Court by the same date. Failure to comply with this directive will result in the Opinion becoming unsealed in its entirety.

6.      The Court will schedule the evidentiary hearing after CJA counsel is appointed and enters an appearance.

7.      The Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

_____
**GEORGETTE CASTNER**
**United States District Judge**